### HOWARD SNELLING *vs.* JOHN P. COBURN.

After a judgment debtor, who has been arrested on an execution, has applied to a proper magistrate to have a time and place fixed for his examination as a poor debtor, and a time and place have been fixed accordingly and notice thereof given to the creditor, under Gen. Sts. *c.* 124, § 12, another magistrate has no jurisdiction, unless the former application is withdrawn, to take a recognizance under § 10, that he will deliver himself up for examination within thirty days; and a recognizance so taken is void.

CONTRACT against a surety in a recognizance, the condition of which provided that the judgment debtor, who had been arrested on an execution in favor of the plaintiff, should within thirty days deliver himself up for examination, giving notice of the time and place thereof, and duly appear, making no default, and abide the final order of the magistrate thereon.

It was agreed in the superior court that on the 16th of July 1864 an officer arrested Andrew Crockett on an execution in favor of the plaintiff, and took him before J. B. Richardson, a commissioner of insolvency, who, upon Crockett's request, fixed a time and place for his examination as a poor debtor, to wit, the afternoon of the same day, and issued notice thereof to the plaintiff, which was duly served. After the service of this notice, and before the time fixed for the examination, Crockett was taken

before C. C. Nutter, a master in chancery, and entered into the recognizance declared on, with the defendant as his surety. No proceedings were had under this recognizance, but Crockett appeared before the commissioner of insolvency at the time and place fixed for his examination, but the plaintiff did not appear ; and the hearing was adjourned for two days, when Crockett was discharged.

Upon these facts, judgment was rendered for the defendant; and the plaintiff appealed to this court.

*L. M. Child*, for the plaintiff.

*T. F. Nutter*, for the defendant.

DEWEY, J. The recognizance relied upon to sustain this action is invalid, having been taken after the principal, who was under arrest on an execution, had applied to a commissioner of insolvency, desiring to take the oath for the relief of poor debtors, and to have a time fixed for immediate examination, and the commissioner had appointed such time and place for said purpose, and due notice thereof had been issued and served upon the creditor. Pending these proceedings, and without any formal withdrawal of the application, or any notice to that effect given to the creditor, the debtor applied to another magistrate to take from him a recognizance that within thirty days from the time of his arrest he would deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law ; and this recognizance was then taken.

This proceeding was irregular, as the debtor had already elected which of the two modes provided in the statute for his relief he would adopt. The jurisdiction had attached to the magistrate who had, at the request of the debtor, issued the notice to the creditor. The time and place appointed by him were the time and place for the examination, and both parties were to govern themselves accordingly.

The only question would seem to be, whether this defence is open to the defendant. It is urged on behalf of the plaintiff that the debtor and his surety, having entered into this obligation, cannot now ignore it. But we think the defence of a want

of jurisdiction may be properly made in avoidance of a recog·
nizance taken under circumstances like the present.

*Judgment for the defendant.*